UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. _____

ALAN MCKINLEY,

    Plaintiff,

v.

KAIZEN ADVISORS, LLC,

    Defendant.

**COMPLAINT**

Plaintiff Alan McKinley, president of AO Eyewear, Inc., brings this complaint seeking a declaratory judgment that he is not liable to Kaizen Advisors LLC for fraud or any other cause of action with respect to the parties' failed purchase and sale negotiations under a non-binding letter of intent.

<u>Parties</u>

1. Alan McKinley, president of AO Eyewear, Inc. ("AO"), is an individual who resides in Southbridge, MA.

2. Kaizen Advisors LLC ("Kaizen") is, on information and belief, a Nevada corporation whose registered agent and managing member are listed on the Nevada Secretary of State's website as being located at 123 W Nye Lane, Suite 129, Carson City, Nevada.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332 in that McKinley is a citizen of Massachusetts and Kaizen is incorporated in, and has its principal place of business in, Nevada.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

## Facts

5. On or about February 24, 2017, Kaizen and AO entered into a letter of intent in connection with Kaizen's desire to purchase most of AO's assets.

6. Significantly, however, the parties' letter of intent expressly stated that that it did not "impose on the parties an enforceable duty or obligation to negotiate toward or conclude any binding agreement or commitment." (Section 9)

7. The letter of intent provided for a 120-day exclusivity period following execution of the letter of intent during which AO was prohibited from soliciting, encouraging, initiating, entering into, continuing or participating in any negotiations or discussions with, or provide information to, any third party concerning the possible acquisition or sale of AO or its stock, business or assets. (Section 5)

8. The letter of intent provided that after the exclusivity period, AO may terminate the letter of intent and negotiation of a definitive agreement "at any time upon written notice." (Section 11)

9.  The letter of intent also provided that, "except as otherwise set forth in this LOI, neither party shall have any liability to the other party if either party terminates this LOI as permitted by Section 10 without executing Definitive Agreements." (Sect. 3)

10. In or about January of 2018, Kaizen and AO entered into a Non-Disclosure and Non-Circumvention Agreement.

11. AO and Kaizen never reached a binding agreement for the purchase and sale of AO's assets to Kaizen.

12. In a letter dated October 25, 2018, after the exclusivity period expired, AO exercised its right to terminate the Kaizen letter of intent (copy attached as **exhibit A**).

13. After AO terminated the Kaisen letter of intent, AO entered into a letter of intent with plaintiff Europa Eyewear, Inc. ("Europa") whereby Europa agreed to purchase substantially all of AO's assets.

14. AO and Europa have been engaging in due diligence and expect to close on the transaction in the next few weeks.

15. After learning about the letter of intent between AO and Europa, Kaizen's counsel sent a demand letter to AO's counsel (copy attached as **exhibit B**).

16. The demand letter alleges, among other things, that AO's president, Alan McKinley, engaged in fraud by concealment in his communications and dealings with Kaizen when the parties operated under the letter of intent. The demand letter threatens to bring a fraud claim against Mr. McKinley and to seek punitive damages against him individually.

17. Alan McKinley categorically denies that he engaged in fraud in the course of AO's dealings with Kaizen.

<u>Count I</u>
<u>Declaratory Judgment</u>

18. McKinley repeats and incorporates by reference the above allegations.

19. A justiciable controversy exists between the parties as to whether McKinley has liability to Kaizen for fraud.

20. McKinley seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 and asks the Court to determine that he has no liability to Kaizen for fraud.

<u>Prayer for Relief</u>

**Wherefore**, Alan McKinley asks this Court to:

a. Enter judgment in his favor on all counts in this complaint;

b. Declare pursuant to 28 U.S.C. § 2201 that McKinley has no liability to Kaizen for fraud; and

c. Award McKinley such other and further relief that justice so requires.

Respectfully submitted,
ALAN MCKINLEY,
By his attorneys,

/s/ Andrew F. Caplan
Andrew F. Caplan, BBO #564127
Twohig Caplan LLP
P.O. Box 84
Swampscott, MA 01907
339-440-0978
acaplan@twohigcaplan.com

and

Michael P. Twohig, BBO #648079
Twohig Caplan LLP
25 Pender Street
Boston, MA 02132-3209
617-548-3627
mtwohig@twohigcaplan.com

4

## CERTIFICATE OF SERVICE

      I hereby certify that this document has been filed through the ECF system, which will send electronic copies to the registered participants identified on the Notice of Electronic Filing, and that I have sent paper copies of this document via U.S. mail to individuals listed as nonregistered participants (if any) on January 29, 2019.

                              /s/ Andrew F. Caplan
                              Andrew F. Caplan